IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN DOUGLAS BRYANT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00787-DGK |
| | ) | |
| JK CONCRETE CONSTRUCTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case arises from Plaintiff Franklin Bryant, Jr.'s employment dispute with a concrete company and local union. Plaintiff alleges JK Concrete Construction ("JK Concrete") and Operative Plasterers' and Cement Masons' Local Union 518 ("Local 518") (collectively, "Defendants") subjected him to race and disability discrimination in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA").

Now before the Court is JK Concrete's motion to dismiss or alternatively for summary judgment, ECF No. 11, and Local 518's motion to dismiss, ECF No. 3. For the following reasons, the motions are GRANTED.

### Background

In March 2022, Plaintiff filed administrative charges of discrimination against Defendants with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. Plaintiff alleges he was subjected to disability discrimination when he did not report to work because of a previously scheduled medical examination. Specifically, Plaintiff alleges his foreman sent him a series of inappropriate and aggressive text messages after he missed work. *See* ECF No. 1-2 at 15–16. Plaintiff sent copies of these text messages to Local 518, but alleges it refused to act, instead telling him he could move to a different company out of state.

After receiving his right to sue letters, Plaintiff filed this case pro se on October 30, 2023. Plaintiff's pro se complaint asserts claims under both Title VII and the ADA, despite his administrative filings raising only issues of disability. Plaintiff's complaint states that throughout his "career in the construction industry [he has] witnessed covert and overt racism, bigotry, and injustice towards African Americans," and had he "been a White person, that the situation would have been addressed and dealt with appropriately." *Id.* Plaintiff claims he has "unresolved protection" from Local 518 because of the way it handled the situation. *See* ECF No. 1 at 6.

Defendants each moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil procedure 12(b)(6). After Defendants filed these motions, Plaintiff sought to stay the case for six months to seek legal representation. On December 12, 2023, the Court stayed the case for one month to allow Plaintiff to find legal representation. Pursuant to that Order, Plaintiff's opposition to Defendants' motions to dismiss—whether proceeding pro se or represented by counsel—was due by January 26, 2024. Plaintiff obtained counsel and filed his opposition on January 26, 2024.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

When a 12(b)(6) motion includes matters outside the pleadings, and the Court does not exclude them, the motion is converted into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Generally, the Court "must give all parties reasonable notice that conversion is occurring" so the nonmovant "can produce affirmative evidence to counter the movant's allegations or file an affidavit under Rule 56(f) requesting more time to obtain such evidence in order to resist the motion." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011). But affirmative notice is unnecessary where the movant's motion makes clear it may be treated as one for summary judgment, and/or the nonmovant responds in a way that makes clear they are aware it may be treated as such. *See Barron ex rel. D.B. v. S. Dakota Bd. of Regents*, 655 F.3d 787, 792 (8th Cir. 2011); *Riehm v. Engelking*, 538 F.3d 952, 962 n.5 (8th Cir. 2008).

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

**Discussion**

Defendants' respective motions offer several arguments for dismissal. Both argue Plaintiff's Title VII claim should be dismissed for failure to exhaust administrative remedies. Alternatively, Local 518 argues Plaintiff's Title VII claim should be dismissed because Plaintiff does not allege facts showing the union breached its duty of fair representation.[1] Regarding

---

[1] Local 518 never moved to dismiss Plaintiff's ADA claim under a similar theory. The section addressing Local 518's duty of fair representation references Title VII only. *See, e.g.*, Suggestions in Supp. at 7, ECF No. 4 (stating "text messages from Plaintiff's employer, cannot support a Title VII claim" and "Plaintiff has not stated a claim under Title VII"). Accordingly, Plaintiff's ADA claim against Local 518 remains.

Plaintiff's ADA claim, JK Concrete argues it does not to qualify as an "employer" under the ADA because it has less than fifteen employees, and therefore the claim should be dismissed for failing to satisfy the ADA's numerosity requirement. Plaintiff does not reasonably respond to any of these arguments.

Plaintiff's opposition consists of less than a page of argument and merely claims that because exhaustion and numerosity involve questions of fact, addressing them under Rule 12(b)(6) is improper. Further, Plaintiff does not address Local 518's duty of fair representation argument. By failing to reasonably respond, Plaintiff has waived these issues and dismissal is appropriate for that reason alone. *See Tarvisium Holdings, LLC v. Dukat, LLC*, No. 19-CV-0086-DGK, 2021 WL 5534688, at *2 (W.D. Mo. Mar. 22, 2021); *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009). Nevertheless, the Court addresses the merits of Plaintiff's claims.

### I. Plaintiff fails to state a claim against JK Concrete and Local 518 for race discrimination under Title VII because Plaintiff did not exhaust administrative remedies.

Exhaustion of administrative remedies under Title VII requires a claimant to provide notice of all claims of discrimination in their initial administrative charge of discrimination. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Dismissal is proper when the record indicates this exhaustion requirements has not been met. *See Pointer v. Missouri Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004) (dismissing race discrimination claim where the plaintiff neither alleged sufficient facts to provide notice of the claim nor checked the box for race discrimination in his charge of discrimination); *Welcome v. Amplity Inc.*, No. 22-CV-00830-RK, 2023 WL 2542617, at *3 (W.D. Mo. Mar. 16, 2023) (dismissing ADA claim because the charge of discrimination did not "make[] any allegation or reference to a discrimination claim based on any disability"). Plaintiff's charges of discrimination only checked the box for disability

4

discrimination, and the accompanying narrative alleges no facts that would put JK Concrete or Local 518 on notice of his race discrimination claim.

Accordingly, because Plaintiff failed to exhaust administrative remedies, his Title VII race discrimination claims against JK Concrete and Local 518 are dismissed.

**II.     JK Concrete is entitled to summary judgment on Plaintiff's ADA claim.**

As an initial matter, the Court must determine whether JK Concrete's motion to dismiss can be properly converted to a motion for summary judgment under Rule 12(d). JK Concrete's motion implicates Rule 12(d) because it includes matters outside the pleadings. Specifically, an affidavit stating JK Concrete has employed less than fifteen employees for the last three years.

The Court finds converting JK Concrete's motion to motion for summary judgment is appropriate. First, JK Concrete's motion makes clear it may be treated as one for summary judgment. It is titled alternatively as one for summary judgment, cites Rules 12(d) and 56, and includes an affidavit not embraced by the pleadings. Second, Plaintiff's opposition makes clear he is aware the motion may be treated as such. Plaintiff cites Local Rule 56.1, controverts JK Concrete's factual allegations, and provides a separate statement of facts. Thus, because conversion is proper, the Court will consider JK Concrete's affidavit in ruling on its motion for summary judgment.

The ADA applies only to employers "who ha[ve] 15 or more employees." *See* 42 U.S.C. § 12111(5)(A) (defining the term "employer"). This "employer" status is considered an essential element of an ADA claim. *See Nugara v. Nebraska Ass'n of Pub. Emps.*, No. 09CV3212, 2011 WL 2680480, at *5 (D. Neb. July 8, 2011); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding the same for Title VII). Here, JK Concrete submitted an affidavit stating it does not qualify as an employer under the ADA because it has not employed more than fifteen employees in the past three years. Plaintiff provided no affirmative evidence to counter this affidavit, nor did

5

he file an affidavit under Rule 56(f) requesting more time to obtain such evidence. Rather, Plaintiff states only that he "lacks sufficient information to either admit or deny the allegation" because "discovery has not yet been performed." Suggestions in Opp'n at 2. But this is insufficient to preclude summary judgment. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(b)(1) ("Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.").

Accordingly, because JK Concrete does not qualify as an "employer" under the ADA, JK Concrete is entitled to summary judgment on Plaintiff's ADA claim.

## Conclusion

For the foregoing reasons, Defendants' motions are GRANTED. JK Concrete is dismissed as a defendant in this case. The only claim that remains moving forward is Plaintiff's ADA claim against Local 518.

**IT IS SO ORDERED.**

Date: <u>March 22, 2024</u>     <u>/s/ Greg Kays</u>
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT