**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FRANKLIN DOUGLAS BRYANT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00787-DGK |
| | ) | |
| JK CONCRETE CONSTRUCTION and | ) | |
| OPERATIVE PLASTERERS' AND CEMENT | ) | |
| MASONS' LOCAL UNION 518, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises from an employment dispute. Plaintiff Franklin Bryant, Jr. alleges JK Concrete Construction ("JK Concrete") and Operative Plasterers' and Cement Masons' Local Union 518 ("Local 518") subjected him to race and disability discrimination in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"). The Court previously dismissed JK Concrete as a defendant and dismissed Plaintiff's Title VII claim against Local 518. ECF No. 23. The only claim that remains is Plaintiff's disability discrimination claim against Local 518 under the ADA.

Now before the Court is Local 518's motion for summary judgment. ECF No. 28. For the following reasons, the motion is GRANTED.

**Standard**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

1

court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts

To resolve the motion, the Court must first determine the material undisputed facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). However, the Court has included inferences from undisputed material facts and facts the opposing party has not controverted properly. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

Plaintiff claims he was subjected to disability discrimination when he did not report to work because of a previously scheduled medical examination. Specifically, Plaintiff's foreman sent him a series of inappropriate and aggressive text messages after he missed work. Plaintiff sent copies of these text messages to Local 518.

After receiving copies of these text messages, Local 518 referred Plaintiff to a position with another employer in the construction industry. Plaintiff declined to seek employment with the other construction company.

On March 7, 2022, Plaintiff filed a Charge of Discrimination against Local 518 with the Missouri Commission of Human Rights and the Equal Employment Opportunity Commission. Plaintiff received his right to sue letters in October 2023. This case was timely filed thereafter.

### Discussion

Plaintiff claims Local 518 subjected him to discrimination in violation of the ADA because it took no action in response to his foreman's text messages beyond referring him to a position with another employer.

The ADA makes it unlawful to discriminate against an individual "on the basis of disability." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination, Plaintiff must establish "(1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability." *Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). A union can only be held liable under the ADA if it breached its duty of fair representation. *See Warren v. Metro Transit*, No. 20-CV-00781 SRC, 2021 WL 124315, at \*5 (E.D. Mo. Jan. 13, 2021) (citing cases). That is, a union has no "affirmative duty to investigate and take steps to remedy employer discrimination." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002).

Local 518 argues summary judgment is appropriate because: (1) Plaintiff cannot establish a prima facia case of disability discrimination because he is not disabled within the meaning of the

ADA; and (2) even if he could establish a prima facia case, he has not shown Local 518 breached its duty of fair representation.

Under the ADA, Plaintiff is disabled if he "(A) has a physical or mental impairment that substantially limits one or more of his major life activities, (B) has a record of such an impairment, or (C) is regarded as having such an impairment." *Wood*, 339 F.3d at 684 (citing 42 U.S.C. § 12102(1)). As an initial matter, there is no evidence Plaintiff has—or has a record of—an impairment that substantially limits a major life activity. While Plaintiff contends "[t]here is no dispute clauses A and B are met," *see* Suggestions in Opp'n at 4, ECF No. 30, he offers no evidence of a qualifying disability nor makes any argument that the medical condition which prompted his medical examination qualifies as one. Thus, for purposes of this motion, Plaintiff is disabled within the meaning of the ADA only if Local 518 regard him as being disabled at the time it offered him a position with another employer.

Local 518 argues it did not regard Plaintiff as disabled because it referred him to another employer within the construction industry. That is, if it had regarded Plaintiff as being disabled— i.e., substantially limited in a major life activity—it would not have referred him to another employer. Plaintiff disagrees with this logic and contends the referral shows Local 518 "refus[ed] to adequately represent or defend [his] request for reasonable accommodation with his employer." *See* Suggestions in Opp'n at 4. But Plaintiff conflates Local 518's arguments. While an alleged refusal to represent or defend Plaintiff goes to Local 518's duty of fair representation, it does not indicate Local 518 regarded him as disabled for purposes of showing a prima facie case of disability discrimination.

Even if Plaintiff could show a prima facie case, he has not shown Local 518 breached its duty of fair representation. "A union breaches its duty of fair representation when its conduct is

arbitrary, discriminatory, or in bad faith." *Baxter v. United Paperworkers Int'l Union, Loc. 7370*, 140 F.3d 745, 747 (8th Cir. 1998) (internal quotations and citation omitted). This generally requires evidence of discriminatory animus on behalf of the union. *See Mortensen v. Hibbing Taconite Co.*, No. CIV. 09-706 ADM/RLE, 2010 WL 2243557, at *7 (D. Minn. June 1, 2010) (collecting cases). Thus, in this case, Plaintiff must show Local 518 failed to take any other action beyond referring him to another company because of his disability.

Plaintiff does not make this showing. Plaintiff presents no evidence that he requested a grievance be filed, that Local 518's failed to pursue that grievance, or that Local 518 failed to take any other requested action on his behalf. But even if he had, Plaintiff presents no evidence that Local 518's actions were taken because of his disability. Instead, Plaintiff contends—without citing any authority—that Local 518 directly discriminated against him because it allegedly breached its duty of confidentiality. Even assuming a breach of confidentiality is sufficient to show Local 518 breached its duty of fair representation, Plaintiff presents no evidence that the alleged breach of confidentiality occurred, or that the breach was motivated by Local 518's discriminatory animus towards his disability. Simply, Plaintiff must offer more than mere speculation and conjecture to defeat summary judgment. *See Mann*, 497 F.3d at 825.

Accordingly, summary judgment in Local 518's favor is appropriate.

## Conclusion

For the foregoing reasons, Local 518's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date:   May 30, 2024                          /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT

5